T. N. CHASE, ADM'R OF HANNAH NOYES, *v.* WILLIAM F. DOW.

The law of the place where a note, which stipulates for the payment of interest, is made, will govern as to the rate and rule for casting interest thereon, unless some other place of payment is stipulated, in which case the law of the place of payment will govern in that respect.

But when by the terms of a note, no interest is payable, the rule might be different.

This rule would not be affected by the note s being secured by a mortgage on lands in another State, where the rate of interest or the rule for casting it differed from that where the note was given, unless the circumstances show that the parties had in view the laws of the place where the land was located, in respect to the interest.

WRIT of entry, on a mortgage. The note to secure which the mortgage was given is as follows :

$1500                                    New Bedford, April 27, 1846.

Six years after date, I promise to pay Hannah Noyes, or order, fifteen hundred dollars, with interest annually, value received.

Witness :                                          W. F. Dow.
   J. F. Dearborn.

At the date of the note, and always afterwards, the payer and payee lived in Massachusetts. The mortgage was made at the time when the note was given.

Plaintiff offered to show that before the commencement of this suit, said Dow had failed, and continued insolvent to the time of his death, having no property anywhere from which plaintiff could collect his debt except the land mortgaged.

The court rejected the evidence, and plaintiff excepted.

Since the commencement of this suit the defendant died; notice was given to his administratrix, who was defaulted, and heard as to the amount of the conditional judgment to be rendered.

It was suggested that the amount due on the note, if New Hampshire interest was reckoned, would be about $13.00 more than it would be if simple interest was reckoned according to the Massachusetts rule.

The court ruled that Massachusetts interest should be reckoned, and plaintiff excepted.

Questions of law reserved.

*C. H. Bell*, for defendant.

*Christie,* and *Hills*, for plaintiff.

SARGENT, J. The law is well settled that when interest is expressly stipulated for in the contract, such interest is to be paid according to the law of the place where the contract was made, unless some other place of payment was stipulated, in which case interest is to be paid according to the law of the place where the contract was to be performed. And where no place of payment is stipulated the law of the place where the contract is made will govern as to the rate of interest, though the loan be secured by a mortgage on lands in another State, unless the circumstances show that the parties had in view the laws of the latter State, in respect to the interest. *Fanning* v. *Consigna*, 17 Johns. 511; *Schofield* v. *Day*, 20 Johns. 102; *De Wolf* v. *Johnson*, 10 Wheat. 367; *Boyce* v. *Edwards*, 4 Peters 111; *Chapman* v. *Robertson*, 6 Paige 627; *Scofield* v. *Taylor*, 20 Peters 102; Story Con. Laws secs. 272, 272, *a.*, 291, 293, 305; 2 Kent's Com. 460, 461, note c.

And the cases of *Ayer* v. *Tilden*, 15 Gray, and *Ives* v. *Bouck*, 2 Allen 236, where it is held that in an action brought in Massachusetts, no more than six per cent. interest will be allowed on a note, by the terms of which no interest was payable, even though it was given and made payable in another State, where a higher rate of interest is allowed by law, do not apply to a case like this where the note stipulates for the payment of interest.

In the case before us, the note stipulates for the payment of interest. It was made in Massachusetts, between parties, who both resided there, and who continued to reside there during life, and there being nothing said about the place of payment in the note, the law of the place where it was made will govern in regard to interest; and although security was given upon lands in New Hampshire, that does not ·change the rule of interest, since in this case, there is nothing tending to show that at the time when the contract was made, there was any intention to have the rate of interest or the rule for casting it affected in any way by the law of the place where the lands thus mortgaged were located.

The fact that defendant became insolvent and had no property but this land, before the commencement of this suit, was properly excluded as evidence, since it had no tendency to show what the intention of the parties was as to the rule of casting interest, some twenty years before when the note was given.

In this case the court has simply to adjudge the amount due on this note.   Rev. Stats. ch. 190, sec. 11.   It is not a case for the assessment of damages, as the plaintiff claims, but in adjudging the amount due, interest is to be cast on this note according to the law governing the contract, which must be the law of Massachusetts.

*Exceptions overruled.*